IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| DON GORDON HENRY, | ) |  |
|---|---|---|
| Petitioner | ) |  |
| v. | ) | CASE NO. 5:05-CR-59(MTT) |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

## ORDER

This matter is before the Court on Magistrate Judge Charles H. Weigle's Report and Recommendation (Doc. 162) on the Petitioner's Rule 60(b) Motion (Doc. 157). The Recommendation recommends denying the Petitioner's Motion for two reasons: (1) because the Motion seeks relief that is unavailable pursuant to Federal Rule of Civil Procedure 60(b)(6), and (2) because the Court did not err in denying Petitioner's section 2255 motion as untimely. The Petitioner has filed an Objection. (Doc. 163). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection and has made a de novo determination on the Recommendation. The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge.

Notwithstanding the fact that the Petitioner improperly uses a Rule 60(b) motion to obtain reconsideration of the judgment on the merits of his section 2255 motion, a review Petitioner's section 2255 motion shows it was untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitation for section 2255 motions. This one year limitation runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Here, the Petitioner's conviction was affirmed by the Eleventh Circuit Court of Appeals on April 10, 2007. (Doc. 114). Therefore, the Petitioner's judgment would become final "when [the] time expire[d] for filing a petition for a writ of certiorari to review a judgment" with the United States Supreme Court. *Clay v. United States*, 537 U.S. 522, 525 (2003). Pursuant to United States Supreme Court Rule 13(1), a petition for writ of certiorari must be filed within ninety days after the entry of judgment at the appellate level. Therefore, the Petitioner's judgment became final on July 9, 2007, ninety days after his conviction was affirmed by the Eleventh Circuit. Thus, the Petitioner had one year from that date, until July 9, 2008, to file his section 2255 motion.

The Petitioner filed an untimely writ of certiorari after his judgment became final. This does not impact the Court's analysis of the timeliness of the Petitioner's section 2255 motion. *See Warmas v. United States*, 253 Fed. App'x 2 (11th Cir. 2007) (holding that unless the petitioner had filed a writ of certiorari within the applicable ninety day period following the date of the Court of Appeals' disposition of his case, then his convictions would become final, for purposes of section 2255's one year limitation, when that ninety day period ran).[1] Therefore, even though the Petitioner filed an untimely writ of certiorari, his section 2255 motion is still untimely, because his conviction became final when the time period for properly filing the certiorari petition expired on July 9, 2008. *Hardy v. United States*, 2010 WL 5297185, *1-2 (M.D. Fla. 2010). The Petitioner's section 2255 motion was filed on January 20, 2009, well after

---

[1] "Unpublished opinion are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

the expiration of the one year limitations period on July 9, 2008. Thus, Petitioner's section 2255 motion was properly dismissed as untimely.

Accordingly, the Recommendation is made an Order of this Court, and the Petitioner's Motion is **DENIED**. (Doc. 157).

**SO ORDERED**, this 9th day of February, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT